<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                                                )
INTERNATIONAL DEVELOPMENT            )
CORPORATION,                                            )
                                                                )
                Plaintiff,                     )
                                                                )
v.                                                             )     Civil Action No. 09-2495 (GEB)
                                                                )     **MEMORANDUM OPINION**
                                                                )
SIMON NICHOLAS RICHMOND and     )
ADVENTIVE IDEAS, LLC,                         )
                                                                )
                                                                )
                Defendants.              )
_____)

<u>**BROWN, Chief Judge**</u>

**I.     Background**

This matter comes before the Court upon the motions of Defendants Simon Nicholas Richmond and Adventive Ideas, LLC ("Richmond" or "Adventive" or collectively "Defendants") to dismiss the complaint filed by International Development LLC ("Plaintiff" or "IDC") for lack of jurisdiction (Dkt. No. 6) and for leave to conduct jurisdictional discovery and supplement their reply brief (Dkt. No. 13). Plaintiff has also moved to strike portions of Defendants' reply brief, and for leave to file sur-replies. (Dkt. No. 19) The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will deny Defendants' motion to dismiss (Dkt. No. 6) and deny Defendants' motion for leave to conduct jurisdictional discovery (Dkt. No.

13).

    **A.**    **Facts**

Defendant Adventive markets a solar-powered color-changing LED light. (Defs.' Br. at 5). Defendant Richmond is the inventor of this light, which is covered by United States Patent No. 7,196,477 (the "'477 patent"). Richmond has licensed the '477 patent to Adventive. (*Id.* at 6).

In 2008, Adventive was interested in becoming a vendor for QVC, a television shopping network. (*Id.*) In a telephone call requesting certain basic information about Adventive's patents, Ms. Jackie Lesser (counsel for QVC) asked whether any of QVC's other vendors sold products of the type that were patented. (*Id.*) Richmond followed this call with an e-mail to Ms. Lesser, in relevant part:

> Dear Jackie
>
> Thanks for your call.
>
> The QVC item I noticed of initial concern for patent 7196477 is M15483.
>
> regards
> Simon Richmond
> Adventive IDEAS LLC

(Richmond Decl. Ex. 3). Model M15483 is a solar-powered, color-changing LED light that is manufactured by Plaintiff International Development Corporation. Following this e-mail, QVC sent a letter to IDC dated March 24, 2008, stating that "QVC, Inc. ("QVC") has been contacted by Simon Richmond of Adventive LLC alleging that [Item M15483] sold by QVC infringes [the '477 patent]." (Richmond Decl. Ex. 4). QVC required IDC to hire patent counsel in order to

produce an opinion of non-infringement. (Pl.'s Reply Br. at 9). On March 31, 2008, reacting to the letter from QVC, International Development filed a lawsuit in the Eastern District of Texas requesting a declaration of non-infringement and invalidity of the '477 patent. (Defs.' Br. at 9). During the litigation, IDC repeatedly requested that Defendants answer whether they alleged that IDC's products infringe the '477 patent. (*Id.*) Defendants refused to answer these queries. When asked in a deposition whether he had any belief as to whether IDC's products infringed the '477 patent, Richmond equivocated, stating he had no belief or disbelief as to whether IDC's products infringed his patents, despite being in physical possession of a sample of Item No. M15483. (*Id.*) Further, Defendants never provided IDC with a covenant not to bring claims of patent infringement in connection with IDC's products, despite the fact that such a covenant would have immediately ended the Texas litigation. (*Id.* at 9-10). During the approximately 1 year of litigation in Texas, Defendants never attempted to subpoena Ms. Lesser. (*Id.* at 10).

    **B.**    **Procedural History**

The claims in the present lawsuit are identical to a lawsuit previously filed by IDC against Richmond and Adventive in the Eastern District of Texas. *See International Development Corp. v. Richmond*, Civ. No. 4:08-CV-111-RAS (2008) ("The Texas action"). The Texas action was filed on March 31, 2008. Following approximately 1 year of discovery, IDC filed a Notice of Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1), dated March 23, 2009. The present case was filed May 26, 2009. Defendants' motion to dismiss for lack of jurisdiction was filed on July 13, 2009, and their motion for leave to conduct jurisdictional discovery was filed on September 14, 2009. The motion to strike was filed on October 23, 2009. All matters were fully briefed on November 9, 2009.

II.     Discussion

    A.     Motion to Dismiss

        1.     **Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12 provides, in relevant part, that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (1) lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).

In *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), the Third Circuit for the United States Court of Appeals divided Rule 12(b)(1) motions into two categories: facial and factual. *Id.* at 891. A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the Plaintiff." *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack on jurisdiction under 12(b)(1), however, the movant calls into question the essential facts underlying a claim of subject matter jurisdiction. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] . . . the trial court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen* 549 F.2d at 891; *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under this standard, no presumptive truthfulness attaches to Plaintiff's allegations of jurisdictional facts. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing *Mortensen*, 549 F.2d at 891). Therefore, in a 12(b)(1) factual challenge, a court may consult material outside

4

the pleadings, and the burden of proving jurisdiction lies with the Plaintiff. *Gould Electronics*, 220 F.3d at 178.  "In general, when a Rule 12(b)(1) motion is supported by a sworn statement of facts, the court should treat the Defendant's challenge as a factual attack on jurisdiction." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 (3d Cir. 1982)).  Because this is a factual attack on jurisdiction, the Court is free to consult evidence outside the pleadings.

### a.  **Declaratory Judgment Act**

Plaintiffs assert that the Court has subject matter jurisdiction over this case pursuant to the Declaratory Judgment Act, which provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (Compl.,¶¶ 4, 7); 28 U.S.C. § 2201(a).  "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (citations omitted).  "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* at 1344 (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).  "[O]nce that burden has been met, absent further information, that jurisdiction continues. The burden of bringing forth such further information may logically rest with the party challenging jurisdiction, but the actual burden of proof remains with the party seeking to invoke

5

jurisdiction." *Id.* at 1344-45 (internal citations omitted).  A case or controversy "must be extant at all stages of review, not merely at the time the complaint [was] filed." *Id.* at 1345 (quoting *Steffel*, 415 U.S. at 459 n.10). In patent cases, the existence of a "case or controversy must be evaluated on a claim-by-claim basis." *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984).

Courts previously used a two-pronged test to determine whether an actual controversy existed in patent declaratory judgment actions. Under the old test, a Plaintiff had to establish that: (1) it had actually produced or was prepared to produce an allegedly infringing product and (2) the Defendant's conduct created an objectively "reasonable apprehension" that the Defendant would initiate suit if the Plaintiff continued the allegedly infringing activity. *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007); *see also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1334-36 (Fed. Cir. 2007). However, in *MedImmunie, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the United States Supreme Court rejected this "reasonable apprehension" test, noting that it conflicted with the Court's precedent. *Id.* at 132 n. 11.  The Court then held that there is no bright-line rule for distinguishing cases that satisfy the actual controversy requirement from those that do not; instead what is required is:

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id.* at 127 (internal citations and quotations omitted). As such, the Court adopted an "all the circumstances" test, stating that the "the question in each case is whether the facts alleged, under

6

all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* "[F]ollowing *MedImmune,* proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008) (citing *Caraco Pharm. Labs., Ltd. v. Forest Labs, Ltd.*, 527 F.3d 1278, 1291 (Fed. Cir. 2008)).

"[T]he Supreme Court has emphasized that a fear of future harm that is only subjective is not an injury or threat of injury caused by the Defendant that can be the basis of an Article III case or controversy." *Prasco*, 537 F.3d at 1338-39 (citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983); *see also Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985) ("A purely subjective apprehension of an infringement suit is insufficient to satisfy the actual controversy requirement.") Instead, "it is the reality of the threat of . . . injury that is relevant to the standing inquiry, not the Plaintiff's subjective apprehensions." *Id.* (citing *Lyons*, 461 U.S. at 107 n. 8; *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). As such, "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Id.* (citing *SanDisk*, 480 F.3d at 1380-81).

The Federal Circuit Court of Appeals has adopted this "all the circumstances" test. *Teva Pharm.*, 482 F.3d at 1339 ("we follow *MedImmune*'s teaching to look at 'all the circumstances' . . . to determine whether [plaintiff] has a justiciable Article III controversy"); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("Article III jurisdiction may be

met where the patentee takes a position that puts the declaratory judgment Plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.")

### b. Plaintiff Has Asserted Facts Sufficient to Establish Subject Matter Jurisdiction Under the Declaratory Judgment Act

Defendants argue that Plaintiff has failed to allege facts sufficient to establish there is an Article III case or controversy between Defendants and Plaintiff sufficient to warrant issuance of a declaratory judgment. (Defs.' Br. at 13). As this is a factual challenge, no presumptive truthfulness attaches to Plaintiff's allegations of jurisdictional facts and the burden of proving jurisdiction lies with the Plaintiff. *Robinson*, 107 F.3d at 1021 (3d Cir. 1997) (citing *Mortensen*, 549 F.2d at 891). Despite the high standard placed on Plaintiff in proving jurisdiction under such a factual challenge, the Court finds that it has put forth sufficient evidence that an actual case or controversy existed between the parties.

In response to Defendants' motion to dismiss, Plaintiff argues that Richmond's statement that QVC Model M14787 was of "initial concern" rises to the level of an "allegation of infringement" that can support the subject matter jurisdiction of this Court under Article III of the Constitution as a "case or controversy." (Pl.'s Br. at 15). Further, Plaintiff argues that Defendants' refusal to answer deposition questions regarding whether IDC's product infringes the '477 patent and refusal to provide IDC with a covenant not to sue for patent infringement establish that a "real and substantial" controversy exists between defendants and IDC. (*Id.*)

The Court concludes that Plaintiffs have put forth sufficient evidence to establish subject matter jurisdiction under the Declaratory Judgment Act. The e-mail from Mr. Richmond to Ms.

Lesser that the item No. M15483 was of "initial concern for patent 7196477" was at the very least an implied allegation of infringement, which leads to an actual controversy. *Prasco*, 537 F.3d at 1340 (actions implying accusation of infringement held to confer jurisdiction under Declaratory Judgment Act). Therefore, Defendants caused IDC to believe there was an infringement problem. Further, Defendants offered a covenant not to sue to QVC but not to Plaintiff, and equivocates to this day regarding infringement despite being in possession of the Plaintiff's product and being only days away from having to commit itself when the Texas case was dismissed. Therefore, the Court has subject matter jurisdiction over Count 1 of the complaint.

### 2.     Federal Question Jurisdiction

Defendants also move to dismiss Count 6 of the Complaint, alleging unfair competition under the Lanham Act, for failure to state a claim for which relief may be granted. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff, a court finds that Plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for Plaintiff's entitlement to the relief sought. *Id.* at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* at 1965.

The issue before the Court "is not whether Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. 1994) (No. 93-661).

Defendants allege that, since the statement of "initial concern" by Mr. Richmond described only his thoughts ("concern"), it was not an assertion of *fact* that could violate the Lanham Act, which prohibits making a "false or misleading description of *fact*, or false or misleading representation of *fact*." 15 U.S.C. § 1125(a)(1) (emphasis added).

Here, the Complaint alleges that Defendant Simon Nicholas Richmond, acting as agent for Defendant Adventive Ideas, claimed to QVC, Inc. that an IDC product infringed the '477 patent, and that Defendants' accusation was made in bad faith. (Compl. ¶¶ 10, 38, 39). This pleading is sufficient to give Defendants fair notice of what the claim is, and Plaintiff is entitled to offer evidence in further support of the claims. Federal question jurisdiction clearly exists over Count 6 of the Complaint.

### 3. Supplemental Jurisdiction

Defendants also move to dismiss the state law claims that are pled in Counts 3-5 of the Complaint. (Def.'s Br. at 19). IDC's sole basis of subject matter jurisdiction over Counts 3-5 is

28 U.S.C. § 1367 (Supplemental Jurisdiction). Since the Court has Federal Question Jurisdiction under the Lanham Act Claim (Count 6) and Declaratory Judgment Jurisdiction exists over the allegation of patent infringement (Count 1), the Court will exercise Supplemental Jurisdiction over the remainder of the Complaint, which is derived from the same common nucleus of operative facts as Counts 1 and 6.

### B. Motion for Leave to Conduct Jurisdictional Discovery

Defendants also make a second motion for leave to conduct discovery on the disputed Jurisdictional issue on which they originally moved. (Dkt. No. 13). They argue that "[d]iscovery concerning the question of jurisdiction is routinely permitted where it is likely to assist the Court in making the jurisdictional determination of whether subject matter jurisdiction exists." (Def.'s Mot. for Leave at 2). They state that the discovery will "likely encompass depositions of John Browder (who received the March 24, 2008 letter from Ms. Lesser), Mr. Carstens (who Ms. Lesser spoke to regarding the subject matter of those alleged statements), and . . . Mrs. Lesser." (*Id.* at 3) Plaintiff opposes this motion, stating that "Defendants have squandered their opportunities to conduct discovery as to the jurisdictional issues in this suit and in the previous Texas suit" and that Defendants should not be allowed to "sit back and do nothing for nearly a year and yet request that 'they be accorded the opportunity to conduct discovery.'" (Pl.'s Br. in Opp. at 5-6).

Courts are under a duty to examine their subject matter jurisdiction at all stages of the litigation. *Rose v. City of Allentown*, 211 Fed. Appx. 133, 138 (3d Cir. 2007). Should Defendants obtain information through ordinary discovery that they believe supports a challenge

11

to the Court's subject matter jurisdiction, they will be free to reassert their jurisdictional challenge at that time. Because the Court finds the current record adequate to decide that subject matter jurisdiction exists over the entirety of the Complaint, the motion for leave to conduct jurisdictional discovery (Dkt. No. 13) is denied.

### C. Motion to Strike

Because jurisdiction exists over this matter, the Plaintiff's motion to strike (Dkt. No. 19) is moot. It will be dismissed as such.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 6) is DENIED; and Defendants' motion for leave to conduct jurisdictional discovery (Dkt. No. 13) is DENIED; and Plaintiff's motion to strike (Dkt. No. 19) is DENIED. An appropriate form order is filed herewith.


Dated: November 13, 2009

                                                                            s/ Garrett E. Brown, Jr.
                                                                GARRETT E. BROWN, JR., U.S.D.J.