UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **INTERNATIONAL DEVELOPMENT, LLC,** | : | Civil Action No.: 09-2495 (GEB) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| **SIMON NICHOLAS RICHMOND AND ADVENTIVE IDEAS, LLC,** | : | |
| Defendants. | : | |

**ARPERT, U.S.M.J.**

**I.     INTRODUCTION**

This matter comes before the Court on a Motion by Plaintiff International Development, LLC ("Plaintiff") for leave to file a First Amended Complaint asserting "false marking" claims under 35 U.S.C. § 292 against Defendants Simon Nicolas Richmond ("Richmond") and Adventive Ideas, LLC ("Adventive") (collectively "Defendants") and seeking to add a new party, Maxsa Innovations, LLC ("Maxsa"), asserting the same "false marking" allegations [dkt. entry no. 47], filed on May 18, 2010. Defendants opposed the Motion on June 14, 2010 and Plaintiff filed a reply on June 21, 2010. Having reviewed the papers submitted, for the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

On May 26, 2009, Plaintiff filed a Complaint against Defendants seeking a declaratory judgment of non-infringement and invalidity with respect to Defendants' '477 Patent. On November 30, 2009, Defendants filed an Answer and Counterclaim asserting that Plaintiff is infringing their '477 and '827 Patents. The Court entered a Scheduling Order on March 2, 2010 which required, among other things, Defendants to serve their Disclosure of Asserted Claims and Preliminary

Infringement Contentions by February 23, 2010 and which required Plaintiff to serve its Invalidity Contentions by April 6, 2010. [dkt. entry no. 39]

      A.      **Plaintiff's Arguments to amend the Complaint and join Maxsa**

Plaintiff argues that it has neither improperly delayed, nor acted in bad faith, in seeking leave to amend as Plaintiff was unaware that Defendants and Maxsa had engaged in "false marking" until well after Defendants served their Infringement Contentions and that any delay is attributable to the fact that Defendants' Solar Globe Light Product was not previously identified as a product that was a subject of this litigation. (Pl.'s Br. at 10; *see also* Pl.'s Reply Br. at 3-4) Plaintiff argues that "a substantial amount of additional discovery in this case will be necessary regardless of whether the amendment is allowed" as the "discovery conducted in the Texas case pertained to issues relating to the parties' dispute as to subject matter and personal jurisdiction." (Pl.'s Reply Br. at 5-6) Plaintiff argues that its proposed Amended Complaint sets forth a valid claim of "false marking" and specifically alleges facts that support said claim. (Pl.'s Br. at 11-12) Plaintiff points out that it seeks to bring "false marking" claims against both Defendants and Maxsa as a result of their "similar false representations that the Solar Globe Light product is covered by the '477 Patent", that there is a logical relationship between Plaintiff's "false marking" claim against Defendants and its "false marking" claim against Maxsa, and that many of the same questions of fact and law that will arise in the case will be common to both Defendants and Maxsa as their "false marking" statements "concern the exact same product and patent." *Id*. at 13. Finally, Plaintiff argues that any prejudice Maxsa might suffer is irrelevant, as the fact that Maxsa "merely adopted [Defendants'] patent marking practices does not work to absolve Maxsa from liability...and has no bearing on whether the amendment should be permitted." (Pl.'s Reply Br. at 7-8)

### B. Defendants Arguments in Opposition

In opposition to Plaintiff's Motion, Defendants argue that Plaintiff has unduly delayed in raising claims of "false marking" as it has known about Defendants and their products for many years and has been engaged in litigation with Defendants for over two (2) years. (Def.'s Opp'n Br. at 5-7) Defendants argue that they would be unduly and unfairly prejudiced if Plaintiff is permitted leave to amend as "memories of witnesses that could have testified...have likely faded", "substantial discovery requests encompassing all issues in both this case and the prior Texas Case" have already been undertaken at great expense to Defendants – including depositions, and that leave to amend would start a new round of discovery. *Id*. at 7.

Defendants argue that the claims of "false marking" against Maxsa are improper, as Maxsa purchases the Solar Globe Light product from Defendants and resells that product under Maxsa's brand name, thereby simply adopting the '477 patent marking of Defendants. *Id*. at 9. Defendants argue that Plaintiff's delay in asserting its "false marking" claims "is even more egregious as applied to Maxsa, which has never participated in this case". *Id*. at 10. According to Defendants, Plaintiff has known of Maxsa and the fact that it sold Defendants' solar lights since October 27, 2008 when it served a subpoena for production of documents on Maxsa. *Id*.

Substantively, Defendants argue that Plaintiff "cannot show any knowledge of falsity of marking the '477 patent number of the Solar Globe Light or any intent to deceive the public on the part of Maxsa" and assert that Plaintiff is acting in bad faith because its actual purpose for attempting to join Maxsa is to harass Defendants' customer. *Id*. at 10-11. Defendants argue that permitting Plaintiff to assert "false marking" claims against Maxsa at this stage of the litigation will result in substantial delay of the resolution of this case, as Maxsa has not participated in any discovery in this case or the parties' Texas case. *Id*. at 11. Defendants argue that Plaintiff's allegations in support of

3

the existence of personal jurisdiction and venue in this district over Maxsa – a company located in Virginia – and its substantive allegations against Maxsa are "thin, indeed", and that Maxsa will have "every right to move to dismiss the First Amended Complaint against it for lack of personal jurisdiction and improper venue" which will "substantially delay resolution of this case for the current parties for many months." *Id*. at 11-12. Defendants point out that Maxsa will not be bound by any of the proceedings in this case that transpired prior to it being made a party and therefore "will have an independent right to revisit the current parties' activities pursuant to the Local Patent Rules, particularly the parties' claim construction contentions pursuant to L. Pat. R. 4.1, 4.2 and 4.3, and the right to present its own contentions pursuant to L. Pat. R. 4.1, 4.2 and 4.3." *Id*.

Finally, Defendants argue that Plaintiff's amendment would be futile as Plaintiff has failed to allege facts that are legally sufficient to support either knowledge of the alleged falsity or intent to deceive the public – that Plaintiff relies solely on its own construction of the claims of the '477 patent, which have been "wholeheartedly disputed by Defendants." *Id*. at 13.  Defendants argue that Plaintiff's "hopes for success at the upcoming *Markman* hearing are an insufficient basis upon which to find that Defendants knew that the Solar Globe Light is not covered by the '477 patent," as neither party knows which of the disputed interpretations will be adopted. *Id*. at 14.

### III. DISCUSSION

The Court notes it "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir. 2008).  The decision to grant a motion to amend a pleading rests in the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970).  The Court further notes that it "has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Adams v. Gould,* 739 F.2d 858, 864

(3d Cir. 1984); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  Delay becomes "undue", and thereby creates grounds for the district court to refuse to grant leave, when it places an unwarranted burden on the Court, when the movant has had previous opportunities to amend, or when it becomes prejudicial to the opposing party.  *See Adams*, 739 F.2d at 868; *see also* Cureton *v. Nat'l Collegiate Athl. Assoc.*, 252 F.3d 267, 273 (3d Cir. 2001).  "The Third Circuit has consistently recognized that 'prejudice to the non-moving party is the touchstone of for the denial of an amendment.'" *Schindler Elevator Corp. v. Otis Elevator Co.*, 2009 U.S. Dist. LEXIS 40994, *9 (D.N.J. 2009)(*see Arthur*, 434 F.3d at 204)(*quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978))).

     A trial court may also deny leave to amend where "an amendment would be futile when the 'complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)(*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  The Court's inquiry is whether the Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

     Further, the Court notes that pursuant to Fed. R. Civ. P. 20(a)(2),

> persons...may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

"Courts have interpreted Rule 20(a) as establishing a two-part test for joinder: (1) claims brought against defendants to be joined must arise from the same transaction or occurrence and (2) claims must share a common question of law or fact." *Schindler*, 2009 U.S. Dist. LEXIS 40994, at *5 (D.N.J. 2009)(*see Waterloov Gutter Protection Systems Co., Inc. v. Absolute Gutter Protection*,

LLC, 64 F. Supp. 2d 398, 407 (D.N.J. 1999)(*citing Morris v. Paul Revere Ins. Group*, 986 F. Supp. 872, 885-886 (D.N.J. 1997)).  "The term 'transaction or occurrence' is construed generously to promote judicial economy." *Schindler*, 2009 U.S. Dist. LEXIS 40994, at *6 (*citing Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 390 (3d Cir. 2002)). "Provided the joinder requirements of Rule 20 are met, leave to amend to add an adverse party is governed by the general amendment provisions of Rule 15(a)." *Schindler*, 2009 U.S. Dist. LEXIS 40994, at *8 (*see SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002)(*citing Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465-66 (2000)).

The Court finds that Plaintiff should be granted leave to file its First Amended Complaint to include Plaintiff's "false marking" claim against Defendants.  Although there is some question as to why Plaintiff did not previously amend its Complaint to include "false marking" claims against Defendants, the Court finds that the Plaintiff has not "unduly delayed" and that Defendants will not suffer undue prejudice if Plaintiff is given leave to assert these claims.  To the contrary, denying Plaintiff's application may well lead to the filing of additional complaints and redundant litigation. Further, at this preliminary stage, Defendants have failed to demonstrate that Plaintiff's "false marking" claims against them are insufficient to meet the *Twombly* "plausibilty" standard.

The Court denies Plaintiff's application to add Maxsa as a Defendant.  Even if Plaintiff has satisfied the requirements of FED. R. CIV. P. 20(a)(2) – a point which the Court does not concede – adding Maxsa at this time would unduly prejudice the existing Defendants.  Plaintiff originally filed a Complaint in the Eastern District of Texas on March 31, 2008.  *See* Def.'s Opp'n Br., Ex. 1.  Thus, litigation between the existing parties has been ongoing for over two (2) years.  Defendants have engaged in substantial motion practice and discovery in this matter and were scheduled to submit initial and responsive *Markman* briefs prior to October 2010.  The expenditure of additional time

6

and resources for purposes of motion practice and discovery associated with adding Maxsa at this point, when viewed in light of the substantial time and costs already exhausted in this litigation, would be unduly prejudicial to the existing Defendants.

**IV.      CONCLUSION AND ORDER**

The Court having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 4th day of October, 2010

**ORDERED** that Plaintiff's Motion for leave to file an Amended Complaint with respect to a "false marking" claim against Defendants [dkt. entry no. 47] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint shall be filed no later than **October 14, 2010**; and it is further

**ORDERED** that Plaintiff's Motion for leave to file an Amended Complaint with respect to adding Maxsa as a defendant [dkt. entry no. 47] is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**