UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL DEVELOPMENT, LLC, | : | Civil Action No.: 09-2495 (GEB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION AND |
| | : | ORDER |
| SIMON NICHOLAS RICHMOND AND | : | |
| ADVENTIVE IDEAS, LLC, | : | |
| | : | |
| Defendants. | : | |
|_____|:| |

**ARPERT, U.S.M.J.**

**I.      INTRODUCTION**

This matter comes before the Court on a Motion by Defendants Simon Nicholas Richmond

("Richmond") and Adventive Ideas, LLC ("Adventive") (collectively "Defendants") for Leave to

Amend their Local Patent Rule 3.1 Infringement Contentions [dkt. entry no. 56], filed on June 25,

2010.  Plaintiff International Development, LLC ("Plaintiff") opposed the Motion on July 6, 2010

and Defendants filed a reply on July 12, 2010.   Having reviewed the papers submitted and

considered the matter pursuant to Local Patent Rule 3.7, Defendants' Motion is granted for the

reasons set forth below.

**II.      BACKGROUND AND PROCEDURAL HISTORY**

On May 26, 2009, Plaintiff filed a Complaint against Defendants to obtain a declaratory

judgment of non-infringement and invalidity with respect to Defendants' '477 Patent.  On November

30, 2009 Defendants filed an Answer and Counterclaim asserting that Plaintiff is infringing their

'477 and '827 Patents.  *Id*.  The Court entered a Scheduling Order on March 2, 2010 which required

Defendants to serve their Disclosure of Asserted Claims and Preliminary Infringement Contentions

by February 23, 2010 and which required Plaintiff to serve its Invalidity Contentions by April 6,

2010.   [dkt. entry no. 39]   Defendants prepared and served their Preliminary Infringement Contentions on December 14, 2009 "because Plaintiff's counsel had contended that, under his interpretation of the Federal Rules and the New Jersey Local Patent Rules, the Preliminary Infringement Contentions were due on that date."  (Def.'s Br. at 3)  Defendants' counsel "recently learned during the course of preparing Opposition to Plaintiff's Motion to Amend its Complaint that Defendants' counsel inadvertently omitted listing Defendants' Solar Globe Light, ...Challis Light, RSLMCPPL Light and 7P19ABBLWEC1 Light" products covered by the '477 patent and omitted listing Defendants' "7P19ABBLWEC1 Light" as a product covered by the '827 patent.  *Id*. at 4. Defendants' counsel states he was not previously aware of these omissions because he had "no prior occasion to revisit the Preliminary Infringement Contentions" which were served on December 14, 2009.  *Id*. at 5.

### A.      Defendants' Arguments to amend the Infringement Contentions

Defendants contend that they should be permitted to amend their Infringement Contentions, arguing that there is good cause, that the omission of certain claims was through simple inadvertence and oversight, and that amendment at this time will not create any delay or prejudice since litigation is still at an early stage.  (Def.'s Reply Br. at 3-10)  Defendants note that in *TFH Publications, Inc. v. Doskocil Mfg. Co., Inc.,* the United States District Court for the Northern District of California "permitted amendment of Preliminary Infringement Contentions where certain dependent and certain independent claims had been inadvertently omitted and where the case was still in the relatively early stages." (Def.'s Br. at 7)

Defendants' counsel admits that he "inadvertently overlooked listing" Defendants' Solar Globe Light, Challis Light and RSLMCPPL Light as products covered under the '477 and/or '827 patent when he prepared the L.Pat.R. 3.1 Infringement Contentions on December 14, 2009.  (Def.'s

2

Reply Br. at 3-4)  With respect to the events surrounding the early provision of Infringement Contentions on December 14, 2009, Defendants' counsel states that "it now appears that Defendants' counsel misunderstood statements by Plaintiff's counsel" with respect to the due date for Infringement Contentions. *Id*. at 4-7.  Defendants argue that these circumstances do not demonstrate an inexcusable lack of diligence as, "overlooking something under difficult [conditions] prone to mistakes is unfortunate, but does not equal inexcusable lack of diligence worthy of serious sanctions" and that review of relevant drawings and sketches demonstrates that Defendants' counsel's "failure to list Solar Globe light with respect to the '477 patent is understandable." *Id*. at 7.

Defendants argue that Plaintiff has admitted that "the proposed amendments are relatively insignificant" and, therefore, would not be prejudiced by same. *Id*. at 9.  Defendants note that they "have marked the '477 patent on its Solar Globe Light since early 2007" and argue that "Plaintiff has long-known that Defendants contend that the Solar Globe Light is a product covered by the claims of the '477 patent." (Def.'s Br. at 6-7)  Defendants also point out that no *Markman* hearing has been scheduled, and, as a result, the "Court is still a long way from considering the parties' respective claim interpretation or from making a ruling on claim interpretation." *Id*. at 7.

### B.    Plaintiff's Arguments in Opposition

Plaintiff contends that Defendants' Motion should be denied, arguing that Defendants have not shown good cause and have failed to provide evidentiary support while relying on false statements attributed to Plaintiff's counsel.  (Pl.'s Opp'n Br. at 1)

Plaintiff claims that the Defendants' mistake was not inadvertent, but rather a result of a lack of diligence "in their efforts to analyze their own products as required by the Court's Local Rule." *Id*. at 7.  Plaintiff argues that Defendants' "present excuse of unfamiliarity with the products" is

contradictory.  On one hand, Defendants argue that Plaintiff unduly delayed in seeking leave to file an amended Complaint [dkt. entry no. 47] as Plaintiff "would have been familiar with Defendants' Solar Globe Light had it exercised even marginal diligence."  On the other hand, Defendants' counsel argues with respect to the instant Motion that he was "understandably unfamiliar with the same product."  *Id*. at 7-8.  Plaintiff argues that Defendants' statement that Plaintiff's counsel "led them to believe that there was an earlier deadline for serving infringement contentions" is not true. *Id*. at 8.  However, even if it were true, Plaintiff argues, that is not justification for a lack of diligence as Defendants' counsel "is presumably familiar with the Court's local patent rules and the deadlines recited therein" and "should have been able to ascertain the appropriate deadline for serving the Contentions."  *Id*.

Plaintiff claims that Defendants' "proposed amendments are relatively insignificant and merely an act of legal gamesmanship."  *Id*. at 9.  Specifically, Plaintiff argues that now that it "has sought leave to bring a false...marking claim and pointed out Defendants' failure to assert coverage under the '477 patent, Defendants want to change their position to assert coverage under the patent." *Id*.  Finally, Plaintiff argues that Defendants' application is deficient as it lacks support by way of "any affidavit or declaration" and "contains material misrepresentations regarding the facts."  *Id*. at 11.

## III.    DISCUSSION

Pursuant to Local Patent Rule 3.7, leave to amend infringement contentions may be granted "by order of the Court upon a timely application and showing of good cause."  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *Computer Accelerations Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D.Tex. 2007).  "The rules are designed to require parties to

4

crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). Furthermore, the courts have recognized several factors that should be weighed in determining whether good cause exists such that leave to amend infringement contentions should be granted:

> (1) the reason for the delay and whether the party has been diligent;
> (2) the importance of what the court is excluding and the availability of lesser sanctions;
> (3) the danger of unfair prejudice;
> (4) the availability of a continuance and the potential impact of a delay on judicial proceedings.

*See Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 U.S. Dist. LEXIS 1644, at *8 (E.D. Tex. Jan. 12, 2009)(*citing Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819 (E.D. Tex. 2007)). Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served," but instead, "a modest degree of flexibility [exists], at least near the outset." *Comcast Cable Communs. Corp. v. Finisar Corp.*, 2007 WL 716131, at *2 (N.D. Cal. March 2, 2007). Therefore, while the Local Patent Rules strive to have a party establish their contentions early on, it is important to recognize that "preliminary infringement contentions are still preliminary." *General Atomics v. Axis-Shield ASA*, 2006 WL 2329464, at *2 (N.D.Cal. Aug. 9, 2006).

While noting that the Plaintiff will likely incur additional legal expenses, the Court does not believe that to be unduly burdensome or that significant additional resources will be expended so as to unfairly prejudice Plaintiff if Defendants' Motion is granted. The Court also finds that, if permitted, Defendants' proposed amendments will not significantly delay the resolution of this matter. Although *Markman* briefs have been submitted, no hearing has been scheduled and, therefore, the parties' *Markman* briefs may still be revised.

The Court finds that Defendants have demonstrated that they were sufficiently diligent in

5

seeking to amend their Preliminary Infringement Contentions and concludes that allowing the proposed amendments at this point in the litigation will not cause any significant delay or prejudice to the Plaintiff.

**IV.      CONCLUSION AND ORDER**

The Court having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 4th day of October, 2010

**ORDERED** that Defendants' Motion to Amend its Local Patent Rule 3.1 Infringement Contentions [dkt. entry no. 56] is **GRANTED**; and it is further

**ORDERED** that Defendants shall serve Amended Infringement Contentions no later than **October 14, 2010**; and it is further

**ORDERED** that Plaintiff shall serve Amended Invalidity Contentions no later than **October 24, 2010**.

s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**