<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————
                                                  )
INTERNATIONAL DEVELOPMENT LLC,                    )
                                                  )
                        Plaintiff,                )
                                                  )
v.                                                )        Civil Action No. 09-2495 (GEB)
                                                  )
SIMON NICHOLAS RICHMOND and                       )
ADVENTIVE IDEAS, LLC,                             )        **Memorandum Opinion**
                                                  )
                        Defendants.               )
———————————————————————       )

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court on a motion by Defendants Simon Richmond and

Adventive Ideas, LLC (collectively "Defendants"), to allow them to amend their Infringement

Contentions after the deadline for amendment.  (Doc. No. 87).  Plaintiff opposed the motion and

the parties fully briefed the issue.  (Doc. Nos. 93 and 102).   After considering the parties' briefs,

accompanying amended Infringement Contentions, and other documentation, this Court has

decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For

the following reasons, the Court denies Defendants' motion to amend with respect to newly

discovered products without prejudice to their ability to allege infringement of those products in

another lawsuit.

## I.      BACKGROUND

This is a patent infringement case involving solar garden lamps.  Plaintiff International

Development distributes a variety of solar garden lamps to customers, including to QVC, Inc.

(Compl. at ¶7; Doc. No. 1).  Defendant Richmond, as president of Adventive Ideas, contacted

International Development's customer QVC and accused it of infringing his patents directed towards solar-powered garden lamps that can produce light in a variety of colors. (*Id.* at ¶8-11). Richmond's patents are U.S. Patent Numbers 7,196,477 (the "'477 patent") and 7,429,827 (the "'827 patent"). In order to resolve the dispute, International Development brought this declaratory judgment action against Defendants for non-infringement and for invalidity of Richmond's patents. (Compl. at ¶4; Doc. No. 1).

After International Development filed the lawsuit, the parties exchanged infringement and invalidity contentions and proceeded towards a *Markman* claim construction hearing. The schedule during that time included a cut-off date for *Markman* discovery but did specifically set a deadline for the end of fact discovery and the amendment of Infringement Contentions. (Doc. No. 39). However, in an October 14, 2010 conference, the Court set a December 6, 2010 deadline for the end of all discovery. (Doc. No. 68). The following day, Defendants sent their first discovery request for other products that might infringe their patents. (Defs.' Resp. Br. at 8). In order to obtain the discovery more quickly, Defendants filed a motion to expedite that request. (Doc. No. 71). On December 7, 2010, Defendants filed their amended contentions, which increased the number of allegedly infringing products from 15 to nearly 300.

## II.   DISCUSSION

Pursuant to the New Jersey Patent Rules, the Court may order the amendment of Infringement Contentions "upon a timely application and showing of good cause." L. Pat. R. 3.7. Absent "undue prejudice to the adverse party,"Good cause *may* include "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts[.]" *Id.* In short, the party amending has the burden of showing good cause,

which includes the burden of showing diligent efforts and the absence of undue prejudice to the other party.

### A.  Defendants Were Not Fully Diligent in Obtaining the New Products Contained in the Amendment and the Amendment Would Cause Undue Prejudice.

The first, and primary issue, is whether Defendants can add several hundred new products to the Infringement Contentions on the eve of trial.  (Infringement Contentions, Appx. 3; Doc. No 102-2 and -3).  Because amendment will cause undue prejudice to Plaintiff and Defendants were not diligent in their efforts to discover the nonpublic information, the Court finds that there is no good cause to amend.

First, amendment will cause undue prejudice to Plaintiff by forcing it to respond to a myriad of new contentions on the eve of trial.  Defendants, who originally alleged only 15 infringing products have now alleged infringement of nearly 300.[1]  (*Id.*).  Trial is scheduled to begin February 21, 2011, about one month from now.   (Doc. No. 68).  It is simply too late to make such a substantial change.

While Defendants allege that the differences between the products are insignificant and the contentions are almost identical, they have not met their burden to show that the differences are insignificant.   Rather, Defendants' only support is the conclusory assertion that the infringement of these products is identical to those they previously alleged.  (Infringement Contentions at 2, 4-5, Appx. 6; Doc. No. 102-1).  Nothing in the amended contentions allows the Court to conclude that the products are identical to the previous products in all relevant ways. Indeed, for several lines of products Defendants have included separate drawings and charts in

---

[1] The Court notes that the amended Infringement Contentions are not in the format required by the Local Patent Rules.  The Rules require a chart that maps out where each infringing product (identified by model number) contains each element of the claim it infringes. L. Pat. R. 3.1(b)-(c).  Defendants have instead merely analogized each product to a prior chart.  This creates additional prejudice to Plaintiff, who will have to determine whether each element of infringement is identical.

an attempt to explain infringement.   (*Id.* at Appx. 4; Doc. No. 102-3).   To allow these amendments would require Plaintiff to determine whether the way that these products infringe is indeed the same and to determine whether they can distinguish the products from the claims in any other way.   Plaintiffs would also have to issue expert reports to the nearly 300 new products and prepare a non-infringement case for each product in little over a month.    In sum, it would be virtually impossible for Plaintiff to prepare this case in time for the firm February 21, 2011 trial date.   This would be substantial prejudice.

Second, Defendants have not shown good cause because they were not fully diligent in seeking discovery.   They were entitled to discovery from February 9, 2010, the day of their Rule 26(f) hearing, Fed. R. Civ. P. 26(d)(1),  but did not seek to discover that evidence until October 15, 2010.   (Defs.' Rep. Br. at 8).   While they did work diligently thereafter to obtain the discovery and craft their contentions, their delay in requesting the discovery weighs on this Court's determination of good cause.

Defendants argue that they were diligent because the Court's deadlines prior to October 15, 2010, were directed toward *Markman* discovery only.   However, the order was not so limited.   The prior scheduling order set a July 9, 2010 deadline for *Markman* discovery but not for other discovery.   (Scheduling Order; Doc. No. 39).   However, it did not prevent either party from seeking non-*Markman* discovery during this period nor did it imply that other discovery was unavailable.   (*Id.*).   Indeed, Local Patent Rule 2.3 declares that the opposing party may not object to a discovery request on the grounds that "that the discovery request or disclosure requirement is premature in light of . . . these Local Patent Rules[.]"    Thus, despite the fact that the next step in the proceedings was a *Markman* hearing, Defendants could have received this discovery, but did not request it.

Therefore, with regard to the newly discovered products, the Court finds that there is no good cause to allow the amendment.  However, the Court is mindful that it is directed to construe the Local Patent Rules and Federal Rules of Civil Procedure in line with the interests of justice. *See* Fed. R. Civ. P. 1; L. Pat. R. 1.3.   The Court sees no justice in allowing Plaintiff to escape liability for hundreds of potentially infringing products because of the failure of Defendants' counsel to request discovery at an earlier date.    The Court also notes that after the Court set a clear deadline for the discovery, Defendants did proceed diligently.   They even filed a motion to expedite their discovery request.   (Doc. No. 71).  As such, the Court denies the amendment without prejudice to Defendants' ability to file a different lawsuit alleging infringement of the newly discovered products.

### B.  There is Good Cause to Allow the Amendment of the Contentions Based Upon this Court's *Markman* Ruling for Products Previously Alleged to Be Infringing.

For the products that Defendants included in their original infringement contentions, the Defendants made minimal changes – alleging infringement under the doctrine of equivalents rather than literal infringement. (Infringement Contentions, Appx. 1; Doc. No. 102-2).   This will take minimal, if any, effort for Plaintiff to respond.  Further, Defendants were diligent because they did not know they would need to amend until after the Court issued the *Markman* order. Consequently, the Court allows the amendments.

### III.    CONCLUSION

For the reasons set forth herein, the Court finds that there is no good cause to amend Defendants' infringement contentions to add additional infringing instrumentalities, but finds that there is good cause to amend the contentions to allege the infringement of the original instrumentalities based on the doctrine of equivalents.

Dated: January 17, 2011

                                                    _____/s/ Garrett E. Brown, Jr._____
                                                    GARRETT E. BROWN, JR., U.S.D.J.